**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MING ZENG; ZHENGQUAN LIU, | No.    18-71672 |
| Petitioners, | Agency Nos.        A205-168-816 |
| v. | A205-168-817 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2020**
Pasadena, California

Before:  CHRISTEN and WATFORD, Circuit Judges, and ROSENTHAL,*** Chief
District Judge.

Ming Zeng, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' decision dismissing her appeal from the Immigration

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Lee H. Rosenthal, Chief United States District Judge
for the Southern District of Texas, sitting by designation.

Judge's (IJ) order denying asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[1]

Substantial evidence supports the IJ's adverse credibility determination. *Ren v. Holder*, 648 F.3d 1079, 1085 (9th Cir. 2011). Zeng testified inconsistently about four events that were material to her claim that Chinese authorities persecuted her for violating the one-child policy. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) ("[W]hen an inconsistency is at the heart of the claim, it doubtless is of great weight."). First, Zeng testified that her family agreed that she would adopt Tian Tian, but she also testified that her parents intended to do so. Zeng never explained how, at 22 years old, she planned to adopt Tian Tian when Chinese law did not allow those under 35 to adopt. The BIA agreed that this inconsistency was not trivial as it relates to Zeng's claim that authorities forcibly aborted her baby because they thought that Zeng was Tian Tian's mother. Second, Zeng testified inconsistently about when and how often family planning officials came to her parents' home—and also about whether they were looking for her parents, or for her. She was asked about the visits four times and each time gave a

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

2

different response. When asked to explain the inconsistency, Zeng said she could not remember the details. The BIA concluded that she never answered the questions.

Third, Zeng testified that officials fined her parents for having a child in violation of the policy, warned them to move Tian Tian out of the city, and that her parents then moved to a different city with Tian Tian between 1996 and 1998 while Zeng remained. The BIA agreed that this testimony was inconsistent because it suggested that the family planning officials thought Zeng's parents had Tian Tian and that her parents took primary responsibility for Tian Tian, not Zeng. Finally, Zeng testified inconsistently about why she used her ex-husband's last name on Tian Tian's official documents. She testified that her ex-husband bribed an official to list Tian Tian as his sister on their household registery to fool the family planning office into thinking that they did not have a child, but also testified that she listed him as Tian Tian's father on school documents before the couple married and after the couple separated. The BIA agreed that her testimony was implausible and contradictory. Because Zeng gave vague and inconsistent statements about events material to her claim, the BIA did not err by affirming the IJ's decision. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir. 1999).

3

Zeng failed to produce sufficient evidence corroborating the abortion. Her sole hospital record confirms she had an IUD in 2005 (two years after the abortion) and her sole explanation for the lack of other records is that the hospital would release them only if she requested them in person, which she could not do while in the United States. Zeng's ex-husband's declaration was inadequate because he was not present at the time of the abortion and he was unavailable for cross-examination. We find no error in the BIA's order affirming the IJ's decision.

In light of the agency's adverse credibility determination, Zeng failed to meet her burden of establishing eligibility for asylum, withholding of removal, and protection under the CAT. *See Shrestha*, 590 F.3d at 1048–49.

**PETITION DENIED.**

4